UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| ARIDITH GARTH CURBEAUX, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-00463-JMS-MPB |
| | ) |
| BRIAN SMITH, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Aridith Garth Curbeaux for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 16-06-0044 in which he was found guilty of theft. For the reasons explained in this Entry, Mr. Curbeaux's habeas petition must be **denied**.

A.  Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On May 26, 2016, Sergeant Hughett issued a Report of Conduct charging Mr. Curbeaux with Theft, a violation of Code B-215. The Report of Conduct states:

> On 5-26-16 at approx. 1000, I Sgt. Hughett was reviewing video of [illegible] incidents that took place in 17SC on 5-17-16 at approx. [illegible]. I observed offender Curbeaux, Aridith 219891 walk into Cube 4-17SC and take what appeared to be commissary from another offender[']s property. Curbeaux can be seen exiting the cube with the property. He then walks to his bed 17S-50CC. I advised the offender of this report and identified him by ID.

Mr. Curbeaux was notified of the charge on June 2, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing. The Screening Officer noted that Mr. Curbeaux requested Offender Christopher Rubeo as a witness. He also requested the commissary receipt in a case Sergeant Hughett dismissed. Rubeo provided a statement that "I owed Curbeaux a pop to him."

The originally scheduled hearing was postponed. Ultimately, the Hearing Officer conducted a disciplinary hearing on June 7, 2016. The Hearing Officer noted Mr. Curbeaux's statement that "[t]he items that I picked up was a pop and toothbrush. The Sgt came in and [illegible] the items and got back to Rubio [sic]." The Hearing Officer determined that Mr. Curbeaux had violated Code B-215. The sanctions imposed included a written reprimand, a loss of commissary privileges, and the loss of 60 days of earned credit time.

Mr. Curbeaux filed an appeal to the Facility Head on June 14, 2016. The appeal was denied on June 29, 2016. Mr. Curbeaux then appealed to the Final Review Authority, who denied the appeal on July 14, 2016. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Curbeaux brings two claims in this action. He challenges the sufficiency of the evidence and the severity of the sanctions imposed.

#### *1. Sufficiency of the Evidence*

Mr. Curbeaux alleges that he called the alleged victim as a witness and that the victim's statement clearly showed that he did not steal anything. This allegation is based on the theory that there was insufficient evidence to support the guilty finding. In his reply brief, Mr. Curbeaux further explains that the video recording of the incident would show Rubeo motioning with his finger to Mr. Curbeaux to come over to him. Mr. Curbeaux then walked from his housing assignment to Rubeo's housing assignment. Mr. Curbeaux denies that he took a toothbrush and states that he only took the Dr. Pepper which Rubeo owed to him.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

In this case, Sergeant Hughett reviewed the security video, which clearly depicted Mr. Curbeaux taking a soda and a toothbrush from Rubeo's property. The hearing officer reported that Mr. Curbeaux did not deny taking the soda and toothbrush during the disciplinary hearing. In this action, however, Mr. Curbeaux denies that he ever took a toothbrush. Whether Mr. Curbeaux had permission from Rubeo to take the soda was a matter of credibility, and the Hearing Officer determined that Rubeo's statement was not credible. Under these circumstances, therefore, the evidence was constitutionally sufficient. *See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court will overturn the conduct board's decision only if no reasonable adjudicator could have found the petitioner guilty of the offense on the basis of the evidence presented).

### *2. Severity of Sanctions*

Next, Mr. Curbeaux asserts that the disciplinary hearing body sanctioned him with extreme punishment. This is based on the fact that it was Mr. Curbeaux's first conduct report ever and he had received 60 days good time loss and 30 days commissary restriction. He states that this violates the Eighth Amendment.

The respondent argues that Mr. Curbeaux did not raise this issue during his administrative appeals and that as a result, he has now waived it. In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). An offender's failure to properly exhaust his claims in the state administrative process means the claims are procedurally defaulted. Because Mr.

4

Curbeaux failed to raise his claim of excessive sanctions at the administrative level, he may not raise this argument in this case.

Nevertheless, harshness is not a valid basis for challenging a sanction that is within the range of the offense for which the inmate was found guilty. *Silcox v. Superintendent*, No. 3:13-CV-234-JVB, 2015 WL 789908, at *1 (N.D. Ind. Feb. 24, 2015). The sanctions imposed in this case were within the range allowed by the current Disciplinary Code for Adult Offenders for a class B-215 offense. See the Disciplinary Code for Adult Offenders, page 37 of 53 (available at http://www.in.gov/idoc/dys/files/02-04-101_AP__4-30-10.pdf). Given that the permissible range would have allowed an even harsher punishment by adding disciplinary segregation and other penalties, the sanctions here were proper. No relief is warranted on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Curbeaux to the relief he seeks. Accordingly, Mr. Curbeaux's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/29/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ARIDITH GARTH CURBEAUX
219891
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov